UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VICTORIA C. THARP,

Plaintiff,

v.

Case No. 26-cv-358-pp

FROEDTERT HOSPITAL OF WISCONSIN,
(THEDACARE HEALTH, INC.),

Defendant.

---

**ORDER DENYING PLAINTIFF'S CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO CONFIRM SERVICE OF DEFENDANT'S NOTICE OF APPEARANCE (DKT. NO. 26), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY TO DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES (DKT. NO. 29) AND GRANTING PLAINTIFF'S MOTIONS TO SEAL MEDICAL RECORDS (DKT. NOS. 34, 38)**

---

On March 5, 2026, the plaintiff—who is representing herself—filed a complaint alleging that the defendant had discriminated against her because of her race and disability during her employment at Froedtert Hospital's location on Watertown Plank Road in Milwaukee. Dkt. No. 1 at 3. On June 23, 2026, the court screened the complaint and allowed the plaintiff to proceed on a race-based hostile work environment claim and a retaliation claim against Froedtert Hospital. Dkt. No. 6 at 7, 10.

The plaintiff has filed several motions since then: a motion to confirm service of the defendant's notice of appearance, dkt. no. 26, a motion seeking leave to file a reply to the defendant's answer, dkt. no. 29, and two motions to seal medical records, dkt. nos. 34, 38. The defendant filed a combined

response to the plaintiff's motions concerning its notice of appearance and answer but did not respond to the plaintiff's motions to seal. The plaintiff did not file a reply to the defendant's response; the deadline for her to do so expired on September 29, 2026.

The court will deny the plaintiff's motion to confirm service of the defendant's notice of appearance and her motion to file a reply to the defendant's answer, but will grant her motions to maintain her medical records under seal.

## I. Background

In its screening order, the court ordered the U.S. Marshals Service to serve a copy of the complaint and the screening order on the defendant. Dkt. No. 6 at 11. On July 30, 2026, the defendant filed a waiver of service, indicating that on June 24, 2026, it had received a request to waive service on June 24, 2026. Dkt. No. 15. The waiver of service required that the defendant file and serve an answer to the complaint by August 24, 2026. See id. The defendant timely filed its answer on August 20, 2026. Dkt. No. 19.

Five days later, on August 25, 2026, the plaintiff filed a notice stating that she had not received a copy of the defendant's answer. Dkt. No. 23. On August 26, 2026, the plaintiff filed a registration and consent to receive ECF notices through the court's electronic filing system, dkt. no. 24, but changed her mind and filed a notice later the same day withdrawing her consent, dkt. no. 25. That same day—August 26, 2026—the plaintiff also filed an expedited motion under Civil Local Rule 7(h) (E.D. Wis.) to confirm service of the

defendant's notice of appearance. Dkt. No. 26. The plaintiff's motion stated that she had not received a copy of the defendant's notice of appearance (Dkt. No. 17) by "mail, personal delivery, or another known method." Id. at 1. Also on August 26, 2026, the plaintiff filed a motion for leave to file a reply to the defendant's answer and affirmative defenses. Dkt. No. 29.

On September 15, 2026, the defendant filed a combined response to the plaintiff's motion to confirm service and her motion to file a reply to the defendant's answer. Dkt. No. 40. The defendant states that on August 26, 2026, after receiving the plaintiff's notice that she had not received a copy of the defendant's answer (Dkt. No. 23), the defendant's counsel contacted the plaintiff by phone. Counsel advised the plaintiff that the defendant's failure to mail a copy of the defendant's August 20 filings (which included the defendant's answer and notices of appearance) was inadvertent and that counsel would promptly email copies to the plaintiff. Counsel states that the plaintiff consented to receiving the filings via email. Counsel says that he emailed copies of the defendant's August 20 filings to the plaintiff on August 26, 2026. Dkt. No. 41 at ¶¶6-7; Dkt. No. 41-1. Counsel asked the plaintiff to withdraw her August 20 notice, but she declined to do so. Dkt. No. 41 at ¶¶6-7.

On August 26, 2026, the plaintiff filed a motion for leave to file a reply to the defendant's answer and affirmative defenses. Dkt. No. 29. The plaintiff asks for leave to reply to the answer because she says that it "contains factual assertions and affirmative defenses that Plaintiff contends are contradicted by documents, emails, employment records, administrative filings, witnesses, and

other evidence previously submitted or preserved by plaintiff." Dkt. No. 29 at 1. Relatedly, the plaintiff also filed a request that the court "accept and preserve" the documents, medical records and an audio recording she had filed. Dkt. Nos. 30, 32.

On August 27, 2026, the plaintiff filed a notice containing evidence and medical records that she says support her reply to the defendant's answer and affirmative defenses. Dkt. Nos. 33, 33-1. The plaintiff also filed a motion seeking to seal her medical records, dkt. no. 34, a second set of medical records, dkt. no. 35, and a second motion to seal those records, dkt. no. 38.

## II. Discussion

The court first will address the plaintiff's notice and motion concerning the defendant's answer and notice of appearance. The plaintiff has not moved for a default judgment based on her late receipt of the defendant's answer.[1] The defendant timely filed its answer to the complaint. The defendant's counsel addressed the minor confusion caused by the defendant's failure to timely send copies to the plaintiff, who is representing herself and has not consented to receiving electronic notice of filings. The defendant's counsel quickly emailed

---

[1] The plaintiff filed a notice advising the court of a communication she had with the defendant's counsel regarding a motion for default. Dkt. No. 36 at 1. There is no pending motion for default judgment on the court's docket. The plaintiff's initial motion asked for confirmation of service of the defendant's notice of appearance. See Dkt. No. 26. Even if the court were to construe the plaintiff's motion as a motion for default judgment, the court would deny the motion because the defendant timely filed its answer and the plaintiff has not been prejudiced by the service of the answer a few days after it was filed. Had the defendant mailed a copy of the answer when it was filed on August 20, the plaintiff likely would not have received it until the following week; by that time she had received the emailed copy.

the August 20 filings—including the answer, notices of appearance and disclosure statement—to the plaintiff on August 26, after she consented to receiving them via email. And the plaintiff acknowledged that she was aware of these filings the day before when she went to the clerk's office. See Dkt. No. 28 at 1.

As for the plaintiff's request for leave to file a reply to the defendant's answer, the court will deny the request because it is unnecessary. The plaintiff's desire to address what she believes are incorrect factual assertions contained in the defendant's answer is understandable, but it is unnecessary for her to file a reply to address those concerns. The rules allow a reply to an answer only if the court orders one. See Fed. R. Civ. P. 7(a)(7). And when a responsive pleading is not required by the rules (which is the case here—the rules do not require a reply to an answer), any allegations contained in the answer are considered denied. See Fed. R. Civ. P. 8(b)(6). Here, there is no need for the court to deviate from the standard rule that a plaintiff does not need to file a reply to the defendant's answer. The plaintiff will have an opportunity to respond to the defendant's factual contentions at various other stages in the case, such as at the summary judgment stage or, if the case gets that far, at trial.

As for the plaintiff's motions to seal and her request that the court review and preserve evidence that she filed, the court advises the plaintiff that she should not file evidence with the court unless either the court or a rule requires her to do so, such as when the court requires the plaintiff to provide evidence

to support a motion she has filed, or to respond to a motion the other side has filed. See, *e.g.*, Fed. R. Civ. P. 5(d)(1)(A) (stating that "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses *must not be filed* until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission") (emphasis added).

The plaintiff also does not need to file evidence with the court to protect that evidence. Once a lawsuit is filed (and even before that, when a party knows or has reason to know that a lawsuit is likely), the party has an obligation to preserve evidence that may be relevant to the case. See Trask-Morton v. Motel 6 Operating L.P., 534 F.3d 672, 681 (7th Cir. 2008) (explaining that a sanction for spoliation—evidence destruction—may be "proper only when a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent"); see also Silvestri v. Gen. Motors Corp., 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." (citing Kronisch v. United States, 150 F.3d 112, 126 (2d Cir.1998))).

Because there is no substantive motion pending before the court, at this time the court will not consider the documents and other evidence that the plaintiff filed, see, *e.g.*, dkt. nos. 30, 31, 33, 33-1, 35. But the court will grant the plaintiff's motions to seal the medical records she filed because they

contain her sensitive medical information. Dkt. No. 33, 35. The court will direct the clerk to maintain those records under seal. When the parties confer about the joint Rule 26(f) report that is due to be filed by November 2, 2026, the court encourages the plaintiff to discuss with the defendant's counsel whether a protective order may be needed. (A protective order is an order allowing the parties to confidentially exchange evidence with each other and the parties agree not to show the evidence to anyone else.)

## III. Conclusion

The court **DENIES AS MOOT** the plaintiff's motion to confirm service of the defendant's answer to the complaint. Dkt. No. 26.

The court **DENIES** the plaintiff's motion for leave to file a reply to the defendant's answer. Dkt. No. 29.

The court **GRANTS** the plaintiff's motions to seal. Dkt. Nos. 34, 38.

The court **DIRECTS** the clerk's office to maintain Dkt. Nos. 33-1 and 35 under **SEAL** until further order of the court.

Dated in Milwaukee, Wisconsin this 6th day of October, 2026.

**BY THE COURT:**

________________________________________
**HON. PAMELA PEPPER**
**Chief United States District Judge**